Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
NICHOLE WILEY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| NICHOLE WILEY, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| WINDHAM PROFESSIONALS, INC., | |
| Defendant. | |

## **VERIFIED COMPLAINT**

NICHOLE WILEY (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against WINDHAM PROFESSIONALS, INC., (Defendant):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## **JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Stockton, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its headquarters in Salem, New Hampshire.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed on a student loan.

13. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for the alleged consumer debt.

14. Defendant constantly and continuously placed collection calls to Plaintiff at the number (209) 663-0265, (209) 334-4100, and at Plaintiff's aunts' house at (209) 333-0326.

15. Defendant threatened to file a lawsuit against Plaintiff while seeking and demanding payment for the alleged consumer debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   c. Defendant violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect the alleged consumer debt.

   d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   e. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

   f. Defendant violated *§1692e(4)* of the FDCPA by threatening that the non payment of the alleged debt will result in garnishment.

   g. Defendant violated *§1692e(5)* of the FDCPA by threatening to action against Plaintiff even though Defendant has not and does not intend to take such action.

   h. Defendant violated *§1692e(10)* of the FDCPA by making false representations and engaging in deceptive means to collect a debt.

WHEREFORE, Plaintiff, NICHOLE WILEY, respectfully requests judgment be entered against Defendant, WINDHAM PROFESSIONALS, INC., for the following:

17. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   b. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

   c. Defendant violated *§1788.13(j)* of the RFDCPA by making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

   d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, NICHOLE WILEY, respectfully requests judgment be entered against Defendant, WINDHAM PROFESSIONALS, INC., for the following:

23. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

24. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

25. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

26. Any other relief that this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NICHOLE WILEY, demands a jury trial in this case.

                                                   RESPECTFULLY SUBMITTED,

Dated: March 22, 2010                  By:/s/Ryan Lee
                                                 Ryan Lee, Esq.
                                                 KROHN & MOSS, LTD.
                                                 Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, NICHOLE WILEY, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, NICHOLE WILEY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 3/22/2010                    _____
                                   NICHOLE WILEY